# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY L. BLACK,<br><br>    Plaintiff,<br><br>  v.<br><br>J. HANZAK, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00238-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Bobby L. Black is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 14, 2019, Plaintiff initiated the instant action in the Sacramento Division of the U.S. District Court for the Eastern District of California. (ECF No. 1.) On February 20, 2019, the instant action was transferred to this Court. (ECF No. 6.)

Currently before the Court for screening is Plaintiff's complaint, filed on February 14, 2019. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names Chief Deputy Warden (A) D. Goss, Associate Warden Complex II J. Hanzak, Correctional Sergeant J. Escutia, and Correctional Officer J. Willis as Defendants.

On November 14, 2017, Correctional Officer J. Willis packed Plaintiff's personal property because Plaintiff was being transferred from Kern Valley State Prison to Mule Creek State Prison.

When his property was packed, Plaintiff's RCA bubble television was working, and he had a Hiteker clear AM/FM CD player with Koss clear headphones, and one Sunsport clear AC multi-adapter in his possession. However, on January 18, 2018, when Plaintiff received his property at Mule Creek State Prison, Plaintiff discovered that his RCA bubble television and Beverly Hills Polo watch were broken and that his CD player, headphones, and multi-adapter were missing.

Plaintiff further alleges that Correctional Officer Willis is supervised by the other named defendants, who heard and conducted the 602 administrative remedy process. Documents attached to Plaintiff's complaint reveal that Correctional Sergeant Escutia and Associate Warden Complex II J. Hanzak prepared the First Level response to Plaintiff's 602 administrative property appeal and Chief Deputy Warden D. Goss prepared the Second Level response to Plaintiff's 602 administrative property appeal.

Finally, Plaintiff alleges that the deprivation of his property has caused him to become mentally disabled and to suffer mental anguish.

In relief, Plaintiff prays for $10,000.00 in compensatory damages.

## III.

## DISCUSSION

### A. Supervisory Liability

To the extent that Plaintiff seeks to hold Defendants Escutia, Hanzak, and Goss liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation

of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

In this case, Plaintiff's complaint fails to allege facts demonstrating that Defendants Escutia, Hanzak, and/or Goss participated in, or directed, any constitutional violations, knew of any constitutional violations and failed to act to prevent them, or implemented a deficient policy that was the moving force of Plaintiff's constitutional violations. Therefore, the only basis for a claim against Defendants Escutia, Hanzak, and/or Goss would be respondeat superior, which is prohibited under § 1983.

**B. Fourteenth Amendment – Deprivation of Personal Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, unauthorized intentional and/or negligent deprivations of property do not constitute a violation of the procedural component of the Due Process Clause of the Fourteenth Amendment so long as the state provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

In this case, since Plaintiff's claim that some of his personal property was lost or broken when he was transferred from Kern Valley State Prison to Mule Creek State Prison is based on an unauthorized deprivation of personal property and Plaintiff has an adequate post-deprivation remedy under California law, Plaintiff may not pursue a due process claim arising from the unauthorized deprivation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to allege a cognizable Fourteenth Amendment due process claim against Defendants Goss, Hanzak, Escutia, and/or Willis.

//

///

4

**C. Eighth Amendment – Conditions of Confinement**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). [W]hile conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain." Id. (citation and internal quotation marks omitted). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To allege a cognizable claim for a violation of the Eighth Amendment, a plaintiff must allege facts demonstrating that: (1) they suffered an objectively, sufficiently serious deprivation, and (2) that the defendant was deliberately indifferent to the plaintiff's health and safety. Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1248 (9th Cir. 2016). Under the objective element, a plaintiff must allege facts sufficient to show that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Farmer v. Brennan, 511 U.S. 825, 834 (1994). Under the subjective requirement, the plaintiff must allege facts to show that the defendant acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Here, Plaintiff has failed to allege facts sufficient to show that any Defendant's acts or omissions deprived him of the "minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. Possession of a working television, a watch, a CD player, a set of headphones, and a multi-adapter are not basic human needs or a life necessity. Scheanette v. Dretke, 199 F. App'x 336, 337 (5th Cir. 2006) (stating that watching television is not a life necessity or basic human need); Manley v. Fordice, 945 F. Supp. 132, 139 (S.D. Miss. 1996) ("The conditions complained of by these plaintiffs, the inability to have access to televisions or radios, simply do not amount to … conditions tantamount to a wanton and unnecessary infliction of pain resulting in the unquestioned and serious deprivation of basic human needs."). Therefore, Plaintiff has failed to allege a cognizable Eighth
///

Amendment conditions of confinement claim against Defendants Goss, Hanzak, Escutia, and/or Willis.

### D. Fourteenth Amendment – Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his administrative appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his administrative appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Since there is no liberty interest in the processing and/or resolution of administrative appeals, Plaintiff cannot seek liability against Defendants Goss, Hanzak, Escutia, and/or Willis for processing and denying his 602 administrative property appeal.

### IV.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief under § 1983 against any named Defendant. Since the defects in his pleading are not capable of being cured through amendment, granting leave to amend would be futile. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of the Court be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 4, 2019**

                                               UNITED STATES MAGISTRATE JUDGE