| | |
|---|---|
| BOBBY L. BLACK, | Case No. 1:19-cv-00238-AWI-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| J. HANZAK, et al., | |
| Defendants. | (ECF Nos. 1, 9) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Bobby L. Black is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 5, 2019, the assigned Magistrate Judge issued findings and recommendations recommending that this action be dismissed for Plaintiff's failure to state a cognizable claim upon which relief may be granted. (ECF No. 9.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service. (Id. at 6-7.) Plaintiff timely filed objections to the findings and recommendations on July 8, 2019. (ECF No. 10.)

In his objections, Plaintiff contends that he has alleged a cognizable claim for deprivation of personal property in violation of the Fourteenth Amendment against Defendant Correctional Officer J. Willis because the allegations in his complaint establish that Defendant Willis personally

1

participated in the deprivation of Plaintiff's property rights without first providing due process of law. However, while an authorized intentional deprivation of property is actionable under the Due Process Clause, an unauthorized intentional or negligent deprivation of property does not constitute a violation of the procedural component of the Due Process Clause of the Fourteenth Amendment so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Here, since Plaintiff's allegations only establish an unauthorized deprivation of his personal property and Plaintiff has an adequate post-deprivation remedy under California law, Plaintiff has failed to allege a cognizable due process claim for the unauthorized deprivation of his personal property against Defendant Willis. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff's objections are overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on June 5, 2019, (ECF No. 9), are adopted in full;
2. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 7, 2019

_____
SENIOR DISTRICT JUDGE

2